UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X   NOT FOR PUBLICATION
HASSON WILSON,

              Plaintiff,
  -against-                            **MEMORANDUM & ORDER**
                                        19-CV-4539 (KAM)(LB)

JOHN DOE, *store owner for the
store on the Corner of Quincy
and Stuyvesant Store in
Brooklyn, New York 11221*,

              Defendant.
----------------------------------X
**MATSUMOTO, United States District Judge:**

       On July 31, 2019, *pro se* plaintiff Hasson Wilson, currently incarcerated at Great Meadow Correctional Facility, filed this *pro se* action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., alleging that defendants John Doe and the United States caused him personal injuries. (ECF No. 1, Compl. at 2.) By Memorandum and Order dated October 15, 2019, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed the complaint against John Doe and the United States, and granted plaintiff leave to amend. On November 4, 2019, plaintiff filed an Amended Complaint alleging that John Doe violated plaintiff's rights under the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 9, Am. Compl. at 2.) The action is dismissed as set forth below.

1

**BACKGROUND**

The court construes the *pro se* plaintiff's claims liberally. Plaintiff alleges that on September 23, 2016, he "started to experience chest pains" and shortness of breath after smoking a half of a pack of cigarettes purchased from a local corner store. (*Id.* at 3.) Plaintiff further alleges that he was taken to Interfaith Hospital where he was diagnosed and treated for "spontaneous tension pneumothorax." (*Id.*) Plaintiff alleges that the store owner sold him cigarettes that "were knowingly counterfeit" and that his illness was caused by the alleged counterfeit cigarettes. (*Id.* 3-4.) He contends that defendant John Doe "inflicted injury upon plaintiff" in violation of the Eighth Amendment's cruel and unusual punishment clause. (*Id.* at 4.) He seeks $10 million in damages. (*Id.* at 5.)

**STANDARD OF REVIEW**

In reviewing the Amended Complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the amended complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* Nonetheless, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

The court liberally construes plaintiff's action as brought under 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

3

>shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.*

First, the Eighth Amendment applies only to claims of cruel and unusual punishment imposed on an individual after he has been convicted of a crime. *See Whitley v. Albers,* 475 U.S. 312, 318-19 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" (quoting *Ingraham v. Wright,* 430 U.S. 651, 664 (1977))).

Second, the Eighth Amendment and § 1983 constrains only *state* conduct, not the acts of private persons or entities. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or

4

wrongful.'") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)).

Here, plaintiff does not allege facts to show or even suggest that defendant John Doe acted under color of state law. Therefore, plaintiff's amended complaint fails to state a plausible Eighth Amendment claim and is therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will not grant leave to replead given that, based on the factual allegations, plaintiff will not be able to plead facts stating a claim pursuant to 42 U.S.C. § 1983. Thus any amendment would be futile.

## CONCLUSION

Accordingly, the action, filed *in forma pauperis*, is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of

an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is also respectfully directed to send a copy of this Memorandum and Order and Judgment to the *pro se* plaintiff and to note service on the docket.

**SO ORDERED.**

Dated: November 12, 2019
Brooklyn, New York

/s/
Hon. Kiyo A. Matsumoto
United States District Judge